IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| EZEQUIEL FLORES, et al., <br>     Plaintiffs, | § <br> § <br> § | |
| v. | § <br> § | EP-20-CV-140-DB |
| MARGARET A. HARTNETT *in her official capacity as Acting Field Office Director, U.S. Immigration and Customs Enforcement, El Paso, Texas, Enforcement and Removal Operations*, et al., <br>     Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | |

## MEMORANDUM OPINION AND ORDER

On this day, the Court considered Defendants Margaret A. Harnett, Matthew T. Albence, and Chad Wolf's (collectively, "the Government") "Motion to Dismiss for Lack of Jurisdiction," ("Motion") filed in the above-captioned case on December 15, 2020. ECF No. 13. Plaintiffs Ezequiel Flores, et al. (collectively, "Plaintiffs"), filed a Response on December 15, 2020. ECF No. 15. The Government filed a Reply on December 22, 2020. ECF No. 16. Upon due consideration, the Court grants the Government's Motion.

## BACKGROUND

Plaintiffs were all born in Mexico to a U.S. citizen mother. Pl.'s Compl. for Declaratory J. and TRO ("Complaint") ¶¶ 2–6; 12–16, ECF No. 1. Each Plaintiff submitted a Form N-600 Application for Certificate of Citizenship ("N-600") to U.S. Citizenship and Immigration Services ("USCIS"). *Id.* ¶ 17. Plaintiffs claim U.S. citizenship at birth under Section 301 of the Immigration and Nationality Act because they were "born abroad to a U.S. citizen mother, who has been physically present in the United States for a continuous period of one year prior to [their] birth." *Id.* ¶ 1, 7. As evidence supporting their claims for U.S.

citizenship, Plaintiffs submitted with their N-600s: (1) a copy of their mother's birth certificate; (2) a copy of their mother's Certificate of Citizenship; (3) an affidavit from their mother stating that she temporarily resided "on a ranch close to El Paso, Texas;" and (4) blood tests establishing the mother–child relationship between their mother and Plaintiffs. *Id.* ¶ 18. USCIS denied Plaintiffs' N-600s. *Id.* ¶¶ 9, 17.

In their Complaint, Plaintiffs argue that USCIS deprived them of their rights as U.S. citizens. *Id.* ¶ 19. Accordingly, Plaintiffs brought this suit under 8 U.S.C. § 1503(a) ("§ 1503(a)") for a declaratory judgment that Plaintiffs are U.S. citizens. *Id.* at 11–12. Plaintiffs also request that the Court enter a temporary restraining order enjoining the Government from removing plaintiffs from the United States. *Id.* at 12.

In its Motion, the Government argues that this Court should dismiss Plaintiffs' claims under Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)") for lack of jurisdiction. Mot. 1, ECF No. 13.

## LEGAL STANDARD

Rule 12(b)(1) permits dismissal if a court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A case is presumed to lie outside the scope of a federal court's subject matter jurisdiction, and the burden of establishing otherwise rests with the party seeking to invoke the court's jurisdiction. *Id.* "It is incumbent on all federal courts to dismiss an action whenever it appears that subject matter jurisdiction is lacking." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998).

## ANALYSIS

In its Motion, the Government argues that this Court should dismiss Plaintiffs' claims under Rule 12(b)(1) for lack of jurisdiction. Mot. 1, ECF No. 13. The Government argues that the Court lacks jurisdiction under § 1503(a) to review Plaintiffs' USCIS decisions. Mot. 1, ECF No. 13. The Government also argues that the Court lacks jurisdiction to enjoin removal because "[t]he REAL ID Act of 2005 divests district courts of jurisdiction over removal orders." *Id.* at 6 (citing 8 U.S.C. § 1252(g)). The Court will examine each of the Government's arguments in turn. Each has merit and supports the Court's conclusion that it lacks subject matter jurisdiction over this case.

### 1. The Court lacks jurisdiction under § 1503(a) to review Plaintiffs' USCIS decisions.

The Government argues that the Court lacks jurisdiction under § 1503(a) to review the USCIS decisions for two reasons. Mot. 1, ECF No. 13. It argues that four of the Plaintiffs have not exhausted their administrative remedies, and it argues that the remaining cannot show that she resided in the United States at the time the suit was filed, as required by statute. *Id.* at 1–2; 4–6. The Court agrees with the Government.

#### a. Plaintiffs Ezequiel Flores, Jose Luis Flores, Juan C. Flores, and Victor M. Flores failed to exhaust administrative remedies. Therefore, the Court lacks jurisdiction under § 1503(a) to review their USCIS decisions.

The Government argues that the Court lacks jurisdiction under § 1503(a) to review the USCIS decisions because "Plaintiffs Ezequiel Flores, Jose Luis Flores, Juan C. Flores, and Victor M. Flores have not exhausted administrative remedies." *Id.* at 1–2; 4–5. Specifically, they did not appeal the USCIS denials of their N-600s to the USCIS Administrative Appeals Office ("AAO") and receive an adverse decision. *Id.* at 4.

Plaintiffs acknowledge that they did not appeal their N-600s denials to the AAO.

3

Resp. ¶ 21, ECF No. 15. However, they argue that the USCIS denials of their N-600s constitute a final administrative denial subject to judicial review. *Id.* ¶ 20, 25. Plaintiffs additionally argue that § 1503(a) does not impose an exhaustion requirement and Plaintiffs were not required to appeal to the AAO for this Court to have jurisdiction. *Id.* ¶ 27–31.

The Court agrees with the Government. A person seeking a judicial declaration of citizenship under § 1503(a) must exhaust administrative remedies. *Gonzalez v. Limon*, 926 F.3d 186, 188 n.7 (5th Cir. 2019); *Rios-Valenzuela v. Dep't of Homeland Sec.*, 506 F.3d 393, 397 n.4 (5th Cir. 2007). And exhausting administrative remedies requires appealing to the AAO[1] and receiving an adverse decision. *See Dung Quoc Nguyen v. U.S. Dep't of Homeland Sec.*, No. 5:09-CV-202-DCB-JMR, 2011 WL 1499216, at *2 (S.D. Miss. Jan. 21, 2011), *report and recommendation adopted by* 5:09-CV-202-DCB-JMR, 2011 WL 1499063 (S.D. Miss. Apr. 19, 2011); *Park Hurtado v. Napolitano*, No. 1:12-CV-52, 2013 WL 12155581, at *1 (S.D. Tex. July 10, 2013).

The court in *Nguyen* explained the process of pursuing a claim of citizenship under § 1503(a) as follows:

> A claimant may apply for a Certificate of Citizenship with USCIS on a Form N–600 under 8 U.S.C. § 1452(a). If unsuccessful, the claimant may appeal to the Administrative Appeals Unit ("AAU") under 8 C.F.R. § 341.6, 103.3(a). *Only after seeking review with the AAU, and thereby exhausting administrative remedies*, may a claimant under 8 U.S.C. § 1503(a) bring a declaratory judgment action in a district court for a declaration of citizenship.

2011 WL 1499216, at *2 (internal citations omitted) (emphasis added).

---

1 *Nguyen* refers to the Administrative Appeals Unit ("AAU"). 2011 WL 1499216, at *2. In 1994, the Immigration and Naturalization Service consolidated the AAU and the Legalization Appeals Unit to create the AAO. Chapter 1.3. AAO History, AAO PRACTICE MANUAL, https://www.uscis.gov/tools/aao-practice-manual/chapter-1-the-administrative-appeals-office (last visited January 11, 2021).

In *Nguyen* there was no evidence in the record that the plaintiff appealed the denial of his N-600 to the AAU. *Id.* at *4. Based on that, the court held that the plaintiff did not exhaust administrative remedies and, therefore, the court did not have jurisdiction to review his § 1503(a) claim for citizenship. *Id.*

A person must also receive an adverse decision from the AAO to exhaust administrative remedies. *See Park Hurtado v. Napolitano*, No. 1:12-CV-52, 2013 WL 12155581, at *1 (S.D. Tex. July 10, 2013). In *Park Hurtado*, the Court found that, since the case was initiated prior to the AAO decision, administrative remedies had not been exhausted, and, therefore, it did not have jurisdiction under § 1503(a). *Id.*

In this case, like in *Nguyen*, there is no evidence in the record that Plaintiffs appealed the denials of their N-600s to the AAO. *See generally* Compl., ECF No. 1. Plaintiffs even acknowledge that they did not appeal. Resp. ¶ 21, ECF No. 15. Because a person seeking a judicial declaration of citizenship under § 1503(a) must exhaust administrative remedies by appealing to the AAO, Plaintiffs have not exhausted administrative remedies. Therefore, the Court lacks jurisdiction to review the claims of Plaintiffs Ezequiel Flores, Jose Luis Flores, Juan C. Flores, and Victor M. Flores, and their claims should be dismissed.

Plaintiffs cite a District of Arizona case to argue that exhaustion of administrative remedies is not required. Resp. ¶¶ 27–28, ECF No. 15 (citing *Ortega-Morales v. Lynch*, 168 F.Supp.3d 1228, 1237–39 (D. Ariz. 2016)). They argue that the statements to the contrary by the Fifth Circuit in *Gonzalez* and *Rios-Valenzuela* are non-binding dicta. *Id.* ¶ 28.

Plaintiffs misinterpret the significance of the Fifth Circuit's statements. The Fifth Circuit has defined dicta as follows:

> A statement is dictum if it could have been deleted without seriously impairing the analytical foundations of the holding and being

5

> peripheral, may not have received the full and careful consideration of the court that uttered it. A statement is not dictum if it is necessary to the result or constitutes an explication of the governing rules of law.

*United States v. Segura*, 747 F.3d 323, 328 (5th Cir. 2014) (quoting *Int'l Truck & Engine Corp. v. Bray*, 372 F.3d 717, 721 (5th Cir.2004)).

Because of a court's obligation to assess its jurisdiction, an evaluation of whether a court has jurisdiction is "anything but 'unnecessary.'" *Perez v. Stephens*, 784 F.3d 276, 281 (5th Cir. 2015). The statements in *Gonzalez* and *Rios-Valenzuela* that a person must exhaust administrative remedies were both made while determining the court's jurisdiction. *Gonzalez*, 926 F.3d at 188; *Rios-Valenzuela*, 506 F.3d at 397. Thus, the statements are not dicta, but binding precedent. *Segura*, 747 F.3d at 328 (stating that the binding force of prior circuit court decisions applies to portions of the opinion necessary to the result). Conversely, the decision of the District of Arizona in *Ortega-Morales*, although persuasive, is not binding. *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) (explaining that a decision of a federal district court in a different judicial district is not binding precedent).

### b. Plaintiff Martha M. Flores is not present and residing within the United States. Therefore, the Court lacks jurisdiction under § 1503(a) to review her USCIS decision.

The Government argues that "Plaintiff Martha M. Flores has not shown that she resides in the United States, such that jurisdiction would vest with this Court." *Id.* at 2; 5–6. It points to § 1503(a), which allows "any person *who is within the United States*" and denied rights of United States citizenship to seek a declaration of citizenship. 8 U.S.C. § 1503(a) (emphasis added).

In this case, the Government argues that Plaintiff Martha M. Flores has not presented evidence that "she was present and residing in the United States in May 2020 when she

6

filed this action under § 1503(a)." Mot. 6, ECF No. 13. Therefore, "this Court lacks jurisdiction over her claims under § 1503(a)." *Id.* Plaintiff Martha M. Flores concedes that she "is not present within the United States" and that her claim under § 1503 is "foreclosed" by Fifth Circuit precedent. Resp. ¶¶ 33, 34, ECF No. 34. Thus, the Court finds that Plaintiff Martha M. Flores was not present and residing within the United States when she filed her claims under § 1503(a), and, therefore, it lacks jurisdiction under § 1503(a) to review the USCIS's decision. 8 U.S.C. § 1503(a).

### 2. The Court lacks jurisdiction to enjoin removal orders against Plaintiffs.

In addition to a declaration of citizenship, Plaintiffs request a temporary restraining order enjoining the Government from removing Plaintiffs from the United States. Compl. 12, ECF No. 1. The Complaint alleges that three of the Plaintiffs—Ezequiel Flores, Jose Luis Flores, and Victor Flores—have been released from ICE custody under Orders of Supervision. *Id.* ¶¶ 12, 13, 15. However, the Complaint does not allege that any of the Plaintiffs are currently subject to an order of removal. *Id.* ¶¶ 12–16.

The Government argues that federal district courts are divested of the jurisdiction to review orders of removal. Mot. 6–7, ECF No. 13 (citing 8 U.S.C. § 1252(g)). In their Response, Plaintiffs failed to contest this argument. *See generally* Resp., ECF No. 15.

8 U.S.C. § 1252(g) provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." The Fifth Circuit has held that this provision removes jurisdiction from district courts to stay or enjoin orders of removal. *See, e.g., Idokogi v. Ashcroft*, 66 F. App'x 526 (5th Cir. 2003); *Fabuluje v. Immigration & Naturalization Agency*, 244 F.3d 133 (5th Cir.

7

2000).

The Court will do likewise here and hold that the Court lacks jurisdiction to enjoin removal orders against Plaintiffs.

### 3. Because the Court lacks jurisdiction over this case, it will not consider the Government's remaining arguments.

In addition to arguing that the Court lacks jurisdiction over this case, the Government makes two additional arguments in its Motion. Mot. 7–10. First, the Government argues that Defendant Chad Wolf, Secretary of Homeland Security, is the only proper defendant under § 1503(a). *Id.* at 7. Second, the Government argues that Plaintiffs have no right to a jury trial under § 1503(a). *Id.* at 8–10. In their Response, Plaintiffs failed to contest either of these arguments. *See generally* Resp., ECF No. 15.

Because the Court lacks jurisdiction over this case, *see supra* 3–8, and the case will be dismissed, *see infra* 8, the Court will not consider these arguments.

### 4. This case will be dismissed without prejudice.

"A court's dismissal of a case resulting from a lack of subject matter jurisdiction is 'not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction.'" *Mitchell v. Bailey*, 982 F.3d 937, 944 (5th Cir. 2020), as revised (Dec. 30, 2020) (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)). Accordingly, dismissals under Rule 12(b)(1) for lack of subject matter jurisdictions should be made without prejudice. *Id.*

Therefore, in granting the Government's Motion, the Court will dismiss this case without prejudice.

8

## CONCLUSION

The Court lacks jurisdiction (1) under § 1503(a) to review Plaintiffs' USCIS decisions, and (2) to enjoin removal orders against Plaintiffs. Because the Court lacks jurisdiction over this case, it will not consider the Government's remaining arguments and will dismiss the case without prejudice.

Accordingly, **IT IS HEREBY ORDERED** that Defendants Margaret A. Harnett, Matthew T. Albence, and Chad Wolf's "Motion to Dismiss for Lack of Jurisdiction" is **GRANTED**.

**IT IS FINALLY ORDERED** that the above-captioned case is **DISMISSED WITHOUT PREJUDICE**.

SIGNED this 19th day of **January 2021**.

_____
THE HONORABLE DAVID BRIONES
SENIOR UNITED STATES DISTRICT JUDGE